**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-528 C
Filed: November 10, 2015
NOT TO BE PUBLISHED

*****************************************
\*
TRACY ALLEN PETERS,                       \*
                                          \*
    Plaintiff, *pro se*,                  \*
v.                                        \*
                                          \*
THE UNITED STATES,                        \*
                                          \*
    Defendant.                           \*
                                          \*
*****************************************

**FILED**
NOV 1 0 2015
U.S. COURT OF
FEDERAL CLAIMS

**Tracy Allen Peters**, Marianna, Florida, *pro se*.

**Amelia R.S.H. Lister-Sobotkin**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

### MEMORANDUM OPINION AND FINAL ORDER

**BRADEN**, *Judge*.

**I.   RELEVANT FACTUAL BACKGROUND.[1]**

On April 20, 2006, Tracy Allen Peters was convicted of violating 18 U.S.C. § 1111[2] in the United States District Court for the Eastern District of Wisconsin. Am. Compl. at 2. Mr. Peters

---

[1] The facts discussed herein were derived from Plaintiff's July 6, 2015 Amended Complaint ("Am. Compl.").

[2] Section 1111 of the Homicide Act, in relevant part, provides:

> Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

18 U.S.C. § 1111.

currently is incarcerated at the Federal Correctional Institution in Marianna, Florida. Am. Compl. at 1.

## II. RELEVANT PROCEDURAL HISTORY.

On May 26, 2015, Mr. Peters ("Plaintiff") filed a Complaint ("Compl.") in the United States Court of Federal Claims. The May 26, 2015 Complaint alleges that Plaintiff was wrongfully arrested and imprisoned. Compl. at 2. Therefore, the May 26, 2015 Complaint seeks $475,000 in damages, an "injunctive and protective order," appointment of counsel, "a preliminary appeal to the U.S. Supreme Court," class certification, a jury trial, "and/or intervention into other Indian case[s] of common law and fact." Compl. at 2–3. That same day, Plaintiff also filed a Motion To Proceed *In Forma Pauperis* that the court granted on June 24, 2015.

On July 6, 2015, Plaintiff filed a Motion To Amend Pleadings, which the court construed as an Amended Complaint.[3] The July 6, 2015 Amended Complaint alleged that the "[United States] Attorneys, F.B.I., and U.S. District Judge . . . [] knowingly and willfully" violated the Fifth Amendment[4] and Sixth Amendment[5] of the United States Constitution in convicting Plaintiff of his crime "without the legislative authority to do so . . . pursuant to [a] contract with Menominee Tribal Law Enforcement . . . [under the] Indian Education & Self-Determination Assistance Act[.]"[6] Am. Compl. at 2.

---

[3] On August 27, 2015, the court issued an Order stating that the court would "construe Plaintiff's July 6, 2015 Motion To Amend Pleadings as his Amended Complaint." Dkt. No. 12, at 1. As such, this Opinion refers to the July 6, 2015 Motion To Amend as the July 6, 2015 Amended Complaint ("Am. Compl.").

[4] U.S. CONST. amend. V, in relevant part, provides, "No person shall . . . be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. V.

[5] U.S. CONST. amend VI provides:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

U.S. CONST. amend. VI.

[6] The Indian Self Determination and Education Assistance Act ("ISDA") is codified at 25 U.S.C. §§ 450 *et seq.* The ISDA authorizes "the Government and Indian tribes to enter into contracts in which the tribes promise to supply federally funded services, for example tribal health services, that a Government agency would otherwise provide." *Cherokee Nation of Oklahoma v. Leavitt*, 543 U.S. 631, 634 (2005).

On July 6, 2015, Plaintiff also filed: a Motion To Certify Class; a Motion To Intervene; a Motion For Preliminary Injunction; two Motions For Temporary Restraining Orders; a Motion For Declaratory Judgment; and a Motion To Consolidate *Peters v. United States*, No. 15-528C and *Fourstar v. United States*, No. 15-14C.[7]

On July 23, 2015, the Government filed a Motion To Dismiss Or Stay Proceedings ("Gov't Mot."), pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). On July 27, 2015, Plaintiff filed a Motion For Leave To File A Second Motion To Amend Complaint and a Motion To Appoint Counsel.

On August 13, 2015, the Government filed a Motion To Consolidate *Little Coyote v. United States*, 15-723C And *Ballard v. United States*, No. 15-799C With *Peters v. United States*, No. 15-528C ("Gov't Mot. To Consolidate"). The Government requested consolidation, because all the cases had been filed by inmates at the Federal Correctional Institution in Mariana, Florida and "attempt to assert claims similar to those levied by [Plaintiff][.]" Gov't Mot. To Consolidate at 1.

On August 27, 2015, the court entered an Order: granting Plaintiff's July 6, 2015 Motion To Amend Pleadings; denying Plaintiff's July 27, 2015 Motion For Leave To File A Second Motion To Amend Complaint; denying Plaintiff's July 27, 2015 Motion To Appoint Counsel; and denying the Government's August 13, 2015 Motion To Consolidate *Little Coyote v. United States*, 15-723C And *Ballard v. United States*, No. 15-799C With *Peters v. United States*, No. 15-528C. Order at 1–2, Dkt. No 12. The court, however, denied the Government's August 13, 2015 Motion To Consolidate Cases on August 27, 2015, because Case Nos. 15-723C and 15-799C were consolidated and stayed on August 18, 2015. Order at 1–2, Dkt. No 12 (citing Order, *Ballard v. United States*, No. 15-799C, Dkt. No. 8) ("*Ballard* and *Little Coyote* are consolidated for scheduling purposes and stayed pending the resolution of *Peters*.").

On September 2, 2015, Plaintiff filed a Motion For Extension Of Time To File Response To The Government's July 23, 2015 Motion To Dismiss.

On September 8, 2015, Plaintiff filed a Response To The Government's July 23, 2015 Motion To Dismiss ("Pl. Resp."). That same day, Plaintiff also filed a Motion To Amend The July 6, 2015 Motion For Preliminary Injunction Or Declaratory Judgment and a Motion To Amend The July 6, 2015 Motion To Certify Class.

On September 10, 2015, Plaintiff filed another Motion To Amend Complaint that the court denied that same day.

On September 17, 2015, the Government filed a Reply To Plaintiff's Response To Motion To Dismiss ("Gov't Reply").

---

[7] On August 6, 2015, the court dismissed the *pro se* Complaint in *Fourstar v. United States*, No. 15-14C. *See* Memorandum Opinion And Final Order, *Fourstar v. United States*, No. 15-14C, Dkt. No. 24, at 6.

## III. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law that he relies upon "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

Moreover, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495.

### B. Standing.

To satisfy the United States Constitution's Article III's case or controversy requirement, a plaintiff must have suffered an injury-in-fact that is fairly traceable to the defendant's action and is likely to be redressable by a favorable court decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) ("First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'").

4

### C. Standard Of Review For *Pro Se* Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). This court traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### D. Standard Of Review Under RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of jurisdiction over the subject matter[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

### E. Standard Of Review Under RCFC 12(b)(6).

A challenge to the United States Court of Federal Claims' "[ability] to exercise its general power with regard to the facts peculiar to the specific claim . . . is raised by a [Rule] 12(b)(6) motion[.]" *Palmer*, 168 F.3d at 1313; *see also* RCFC 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]").

When considering whether to dismiss an action for failure to state a claim, the court must assess whether "a claim has been stated adequately" and then whether "it may be supported by [a] showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The plaintiff's factual allegations must be substantial enough to raise the right to relief "above the speculative level." *Id.* at 555. The court must accept all factual allegations in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Id.*

### F.  The Government's July 23, 2015 Motion To Dismiss.

#### 1.  The Government's Argument.

The Government argues that Plaintiff has not met the statutory pleading requirements based on his alleged unjust conviction and imprisonment claims. Gov't Mot. at 7. Specifically, 28 U.S.C. § 2513, in relevant part, requires that a plaintiff seeking monetary damages for unjust conviction and/or imprisonment provide a proof of innocence via a "certificate of the court or pardon[.]" Gov't Mot. at 7 (quoting 28 U.S.C. § 2513). Here, the July 6, 2015 Amended Complaint does not allege "that [Plaintiff's] conviction was reversed or set aside on the ground that he is not guilty of the underlying offense." Gov't Mot. at 8; *see also* Am. Compl. at 1–4. Consequently, the United States Court of Federal Claims does not have jurisdiction over the Amended Complaint's claim for wrongful conviction and imprisonment. Gov't Mot. at 8–9.

The Government also argues that the court does not have jurisdiction over the Amended Complaint's Fifth and Sixth Amendment claims. Gov't Mot. at 10. "[T]he [United States] Court of Federal Claims has clear jurisdiction only with respect to constitutional claims founded on the Takings Clause of the Fifth Amendment, as other amendments to the Constitution do not, of themselves, mandate payment for violations." Gov't Mot. at 11. The July 6, 2015 Amended Complaint, "[however,] has not alleged any facts that would constitute a takings claim[.]" Gov't Mot. at 11.

In the alternative, the Government contends that "[e]ven if this [c]ourt has jurisdiction, [the Amended Complaint's] claims based upon alleged errors that occurred before or during [Plaintiff's] criminal trial would be barred by the six-year statute of limitations." Gov't Mot. at 11 (citing 28 U.S.C. § 2501).[8]

#### 2.  Plaintiff's Response.

Plaintiff responds that the court has jurisdiction, because the Government breached fiduciary duties "owed to [Plaintiff] pursuant to . . . the Indian Self-Determination And Education Assistance Act[.]" Pl. Resp. at 2. Specifically, Plaintiff contends that his claim that the Government's "deprivation of program funds" and "improper diversion of tribal contract funds" in violation of the ISDA "creates [his] and classes' right to money damages [required to invoke Tucker Act jurisdiction]." Pl. Resp. at 3. As such, Plaintiff seeks, for the first time, $22 million for the alleged ISDA violations. Pl. Resp. at 2.

In response to the Government's argument regarding the statute of limitations, Plaintiff argues that the statute of limitations should be equitably tolled. Pl. Resp. at 3–4.

---

[8] Section 2501 of the United States Court of Federal Claims Procedure Act, in relevant part, provides, "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501.

### 3. The Government's Reply.

The Government replies that, "although [Plaintiff's] [A]mended [C]omplaint refers to the ISDA, . . . [it] does not appear to contain claims on behalf of a proposed class or any Native American tribes. . . . Nor does the [A]mended [C]omplaint contain a claim that $22 million of tribal funding was diverted or denied under the ISDA." Gov't Reply at 2.

In addition, the Government contends that "[e]ven if the [A]mended [C]omplaint could be construed as containing the class or tribal claim, . . . [Plaintiff] would still lack standing to pursue any such claim, . . . [because Plaintiff] has never alleged that he, as an individual, is entitled to program funding under the ISDA." Gov't Reply at 2. The Government further emphasizes that "[Plaintiff] does not have standing to act on behalf of any Native American tribe; as a pro se incarcerated party, he is not a proper class representative." Gov't Reply at 2 (citation omitted).

## G. The Court's Resolution.

### 1. *Pro Se* Considerations.

The court is cognizant of its obligation liberally to construe *pro se* plaintiffs' pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that the "pro se document is to be liberally construed"). But, *pro se* plaintiffs must still "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983). Therefore, the court is not at liberty to excuse a complaint's failures. *See Henke*, 60 F.3d at 799.

### 2. The Merits.

As a matter of law, the United States Court of Federal Claims has jurisdiction "to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. But, Section 2513 of the United States Court of Federal Claims Procedure Act imposes these limitations:

Any person suing under section 1495 of this title must allege and prove that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a).

In this case, the July 6, 2015 Amended Complaint does not allege that Plaintiff received a certificate of innocence or was "pardoned upon the stated ground of innocence." 28 U.S.C. § 2513(a). Without a certificate or other evidence of innocence, the court does not have jurisdiction over Plaintiff's claim that he was unjustly imprisoned.

In addition, the court also does not have jurisdiction over Plaintiff's claims that his constitutional rights under the Fifth Amendment's Due Process Clause and Sixth Amendment were violated. "[I]t is well established that the [United States] Court of Federal Claims lacks jurisdiction over [Due Process and Double Jeopardy] claims because neither of the two clauses is a money-mandating provision." *James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998); *see also Dupre v. United States*, 229 Ct. Cl. 706, 706 (1981) ("[T]he . . . sixth amendment[] do[es] not . . . obligate the United States to pay money damages; and, therefore, we have no jurisdiction over such [a] claim[]."); *see also Gable v. United States*, 106 Fed. Cl. 294, 298 (2012) ("The court also does not have jurisdiction to adjudicate [Plaintiff's] claim that the Government violated Plaintiff's Sixth Amendment rights, because the Sixth Amendment is not money-mandating.").

As for the Amended Complaint's claim for breach of an ISDA contract, Plaintiff does not have standing. In this case, Plaintiff has not indicated or proffered any statement that he is entitled to any benefits of the alleged ISDA contract. As such, the July 6, 2015 Amended Complaint has not alleged a cognizable injury-in-fact.

In the alternative, the Amended Complaint's ISDA claim also must be dismissed for failure to state a claim for which relief can be granted. *See* RCFC 12(b)(6). A plaintiff's complaint must "contain sufficient factual matter . . . to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). Here, Plaintiff seeks compensation because of the Government's alleged "deprivation of program funds" and "improper diversion of tribal contract funds" in violation of the ISDA. Pl. Resp. at 3. The July 6, 2015 Amended Complaint, however, does not allege a violation of any ISDA provision. Because the July 6, 2015 Amended Complaint has not alleged sufficient facts to support its claim that the ISDA has been violated, the July 6, 2015 Amended Complaint must be dismissed for failure to state a claim for which relief can be granted.

Because the court does not have jurisdiction over the Amended Complaint's claims, the court will not address arguments regarding the equitable tolling of the statute of limitations. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 136 (2008) (recognizing that the United States Court of Federal Claims' "[statute of] limitations period was "'jurisdiction[al]' and not susceptible to equitable tolling.").

## IV. CONCLUSION.

For these reasons, the Government's July 23, 2015 Motion To Dismiss is granted. The Clerk of Court is directed to dismiss Plaintiff's July 6, 2015 Amended Complaint. Any remaining pending motions in this case are denied as moot.

**IT IS SO ORDERED.**

/s/ Susan G. Braden

**SUSAN G. BRADEN**
**Judge**
